CHANCERY.                *Webb's heirs &c. vs. Webb.*

Case 132. Error to the General Court; JOHN L. BRIDGES and HENRY PIRTLE, Judges.

*Wills. Mistakes. Parol evidence. Statutes. Frauds.*

November 29. Judge OWSLEY delivered the opinion of the court.

Last will of
Winny Webb
made and
published. On the tenth day of May, 1823, Winny Webb, in due form of law made and published her last will and testament in writing, and on the twenty ninth of August thereafter, she, in proper form, attached thereto a codicil making a slight alteration in her will.

Probate of
the will. In September, 1823, the testatrix departed this life, and her will and codicil was afterwards proved, and admitted to record, Matthew T. Scott, one of the executors therein named, at the same time, taking upon himself the execution of the will.

Substance of
the will. At the date of the will, the testatrix was possessed of a large estate both real and personal, most of which was by its provisions distributed specifically among her relations; but there is no clause in the

will disposing of the residue of her estate, after paying debts and legacies.

WEBB's hs &c vs. WEBB.

The residue, though small in comparison with the entire estate, amounts to several thousand dollars, and consists altogether in debts owing, and other personal estate.

Residue of the estate not devised.

Claiming to be entitled to the residue, James Webb exhibited his bill in equity against Scott, the executor, and the heirs of the testatrix, and on hearing, the court pronounced a decree in his favor for the amount thereof.

Bill of James Webb, and decree in his favor for the undevised property.

The facts proved in the cause, and upon which the decree in favor of the complainant was made, are briefly these.

On the day of its date, the will, at the request of the testratrix, was written by a Mr John H. Jones, in her presence, and at her request. Each of the bequests were dictated by her, and after the will was concluded it was read over to the testatrix, signed by her, and attested by two witnesses in her presence. But whilst writing the will, Jones was more than once told by the testatrix to insert a clause in favor of James Webb, for all the residue of her estate after the payment of debts, legacies &c. No such clause was however inserted, but through the neglect of Jones, who at the time was somewhat indisposed, was omitted, though at the time she signed the will, and until her death, it was thought by the testatrix that the will contained a bequest of the residue of her estate after paying debts, legacies &c. to James Webb. It does not appear that in omitting the residuary bequest any fraud was intended by Jones, or that any of the heirs of the testatrix were in any manner instrumental in causing the omission.

Evidence that the testatrix direct the writer of her will to insert a clause devising the residue of her estate to the complainant, which he omitted by mistake, but which she always believed was there.

These are the material and prominent facts proved in the cause, and the question is, whether upon this proof it was correct for the court to supply the omission in the will and decree the residue of the estate not disposed of by the will as written to James Webb.

Question stated.

· Another question was debated at the bar by the counsel of James Webb, and it may not be improper to notice it before we proceed to examine that already stated, and upon the solution of which the cause must ultimately turn.

Prior will of the testator; containing the clause omitted in the last.

The bill charges that the testatrix had previously, in 1821, made and published, in due form, another will, in which the residue of her estate, after paying debts and legacies, was bequeathed to James Webb. This will is refered to and made an exhibit in this cause; and it is contended by the counsel of James Webb, that as the will of 1823 contains no revoking clause, the will of 1821, as regards the residuary bequest, is still operative; and that even were it incompetent for the court to supply the omission in the will of 1823, upon the facts proved, yet the complainant, James Webb, is entitled to the residue, under the will of 1821, and that it was correct in the court below to decree accordingly.

Lack of proof of the execution of the prior will held fatal against its effect here.

It is evident, however, that nothing in support of the decree which was pronounced in favor of James Webb for the residue undisposed of by the will of 1823, can be drawn from the will of 1821, referred to in the bill. The execution of that will by the testatrix, Winny Webb, is not admitted by her heirs, and though expressly put upon the proof of every thing necessary to entitle him to relief, James Webb has totally failed to prove by either of the subscribing witnesses, that it was executed by her, nor does it even appear from the record before us, that it was ever subscribed by her. To bestow further notice on the will referred to, would therefore be altogether useless, so self evident is the proposition that none of its provisions can avail the complainant in this case.

Having disposed of the will of 1821, we shall return to the question first propounded, and examine whether, upon the facts proved, it was competent for the court to supply the omission in the will of 1823, and to decree the residue of the estate not disposed of by that will to the complainant Webb.

If the residue undisposed of by the will, consisted

of real instead of personal estate, it would seem perfectly clear that the omission could not be supplied by the evidence in the cause so as to authorize a decree in favor of James Webb. The evidence as respects the omission in the will is made up by the swearing of witnesses, and to allow testimony of that sort to change, alter, or add to, written devises of real estate, would not only violate one of the most firmly settled rules of evidence, but would also be in direct opposition to the statute which requires wills to pass real estate to be in writing.

WEBB's hs
vs.
WEBB.

Parol evidence is not admissible to supply a clause in a will devising real estate, omitted by mistake.

But the residue undisposed of by the will consists not of real, but personal estate only, and as personal estate may be disposed of by nuncupative will, it may be contended that the rule is different, and that parol evidence ought to be allowed to supply and add to the will the omitted bequest of the residue of the testatrix's estate. The argument is indeed plausible, and would be deserving high consideration, provided there were no restrictions upon the power to dispose of personal estate by nuncupative will, and provided the evidence in the cause brought the case within the restrictions prescribed for bequests of that sort. But it will be perceived, by adverting to the act of assembly on that subject, that the legislature have imposed various restrictions on the power of disposing of personal estate by nuncupative will, and by turning to the evidence in the cause, it will be found that the present case is not brought within the restrictions prescribed.

Question in case of personal estate.

The act provides: "No nuncupative will shall be established, unless it be made in the time of the last sickness of the deceased, at his habitation, or where he hath resided for ten days next proceeding, except where the deceased is taken sick from home, and dies before he returns to such habitation; nor where the value exceeds ten pounds, unless it be proved by two witnesses, that the testator called on some person present to take notice or bear testimony that such is his will, or words of the like import."

Statute in relation to nuncupative wills.

"After six months have elapsed from the time of speaking the pretended testamentary words, no tes-

timony shall be received to prove a nuncupative will, unless the testimony, or the substance thereof, shall have been committed to writing within six days after making the will."

*To supply a clause in a will bequeathing personal estate, the bequest ought to be proved as a nuncupative will.*

The evidence in the cause, though it goes to prove that the writer of the will was instructed by the testatrix to insert a bequest in favor of James Webb, for the residue of her estate, and though when signed by the testatrix, the will was thought by her to contain such a bequest, but does not, and through the neglect of the writer appears to have been omitted, yet it is by the testimony of one witness only that those facts are made to appear, and though the residuary estate exceeds the value of ten pounds it is not attempted to be proved that the testimony of that witness, or the substance thereof, was committed to writing within six days after the making of the will; and not only so, but more than six months had elapsed from the date of the will before his suit was commenced by James Webb.

*Parol evidence has been admitted to control the provisions of wills in cases of fraud.*

To allow the will to be added to by evidence of this sort, we should, therefore, not only virtually break down the restrictions placed by the legislature on the power of disposing of personal estate by will, but we should be introducing a rule of property hitherto unknown to the law, and not recognized by approved precedents.

*Cases of the admissibility of parol evidence to control writings.*

Cases are to be found in which parol evidence has been sometimes let in, to control written wills and other instruments, but in every such case fraud is the alledged ground and object of the parol evidence.

In his treatise on the statute of frauds, it is said by Roberts, (78) "though the statute may have increased the jealousy of parol evidence, yet it raises no barier against its admission where it professes and tends to support a charge of fraud. The antipathy of the law breaks through all reserves, to accomplish the overthrow of deceitful contrivances. Thus, although evidence to shew that, by an inadvertent phrase in a will, the testator has made a provision contrary to his real intention, would probably be rejected; yet if it extend to prove that

the testator had been led into the error by the de- <span style="float:right">WEBB's hs<br>vs.<br>WEBB.</span> signing misrepresentations of persons attending his sick bed, the charge of fraud would let in the evidence proposed." Again, page 79, he says, "the fraud, however, must, in these cases, be the alleged ground and object of the parol evidence. Where fraud is alleged in the bill, and the evidence goes to establish it, the statute of frauds may very properly be put out of the way, since the object of the evidence is not properly to contradict the instrument, but to raise an equity *dehors* the instrument, in contravention of a purpose which no law or statute will be suffered to assert or protect." And in illustration of the same principle he proceeds to remark, that trusts and provisions have sometimes been added to instruments to effectuate the intention of the party, when suppressions or omissions have been induced by the fraud or misrepresentations of others. But he has given no case where omissions not superinduced by fraud have ever been made the foundation of the active interference of the court in favor of a complainant, seeking, by the production of parol evidence, to add to the provisions of a will.

If therefore, in England, where greater latitude in Statute of departing from the strict letter of the statute of wills, and frauds has been indulged, than by the courts of this perjuries. country has been thought allowable, the omission of a bequest, not occasioned by fraud, but by neglect, would form no ground for supplying the omission and adding to the will, in this country, where the letter of the statute is regarded with greater strictness, the reason is still stronger for refusing the aid of the court to supply the omissions alleged by the complainant, and attempted to be proved by parol testimony only.

The decree must be reversed with cost, the cause Decree and remanded to the court below, and a decree there en- mandate. tered, dismissing the bill, with cost.

*Crittenden* and *T. A. Marshall* for plaintiffs; *Mayes* and *Haggin* for defendant.